UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-12789-RAO Date: November 17, 2026
Title: Victorino Mendoza Espinoza v. Markwayne Mullin et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| C. Delgado | N/A |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On November 2, 2026, Petitioner Victorino Mendoza Espinoza ("Petitioner"), a non-citizen represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). Petitioner claims that his current detention at Adelanto Processing Center in Adelanto, California violates his statutory and constitutional rights. Respondents filed their Response on November 9, 2026, and attached Petitioner's Form I-213. Dkt. No. 8. Petitioner filed a Reply on November 12, 2026, and attached the declaration of a former immigration judge. Dkt. Nos. 9, 9-1.

## II. PERTINENT BACKGROUND[1]

Petitioner, a citizen of Mexico of indigenous descent, has lived in this country for over five years. On October 6, 2026, Petitioner was arrested by Immigration and Customs Enforcement (ICE) agents outside his home as part of a targeted enforcement operation to locate him. The agents did not show Petitioner an arrest warrant and he was not provided an initial custody determination.

[1] The Court recites the factual and procedural background set forth in the Petition and in the Form 1-213. *See generally* Pet.; Dkt. No. 8-1.

Petitioner was encountered previously by immigration authorities, specifically by U.S. Border Patrol in February 2020 and was removed from the United States to Mexico the same month. In September 2026, Petitioner was convicted of Driving Under the Influence, in violation of California Vehicle Code § 23152, and was sentenced to 15 days in jail.

Petitioner has not received an individualized bond hearing before an immigration judge.

III. PARTIES' ARGUMENTS

The Petition challenges Petitioner's arrest as a violation of the Fourth Amendment, the Immigration and Nationality Act (INA), and due process. Respondents state that Petitioner is entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vasquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9h Cir. 2026), noting that this is Petitioner's first detention.

IV. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

The Court denies Petitioner's claims that his warrantless arrest violated the Fourth Amendment and section 1357 of the INA. As many courts have ruled, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *See, e.g., Hernandez v. Facility Administrator*, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (while petitioner's arrest appeared to violate Section 1357(a) and applicable regulations, the remedy is typically not dismissal of a proceeding and release by way of a habeas petition); *Suraj v. Bondi*, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (same). The Court concludes that Petitioner is not entitled to release based on these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-12789-RAO Date: November 17, 2026
Title: Victorino Mendoza Espinoza v. Markwayne Mullin et al.

The Court turns next to Petitioner's due process claim. "The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections extend to noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner has a private interest in remaining free and out of custody. While his interest may not be as strong as noncitizens who have been released from ICE custody on supervision conditions, nevertheless, Petitioner does have some liberty interest that requires the government provide him "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews*, 424 U.S. at 335. This requires balancing the three factors the Supreme Court set forth in *Mathews*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the

procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

With respect to the first factor, Petitioner's private liberty interest is limited. While he has been in this country approximately five years, he was previously removed from the country and since his return, there has been no determination regarding whether Petitioner should be out of custody or detained.

With respect to the second factor, because no determination has been made whether Petitioner's release would pose a danger to the community or a flight risk, providing him with a post-detention hearing (rather than pre-detention hearing or immediate release), would pose only a low risk of erroneous deprivation of liberty. *See Herrera Rivas v. Semaia*, 2026 WL 2807051, at *3 (C.D. Cal. Sept. 18, 2026).

With respect to the third factor, the government has a strong interest in preventing noncitizens from remaining in the country in violation of the immigration laws. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). "[W]here Petitioner had not previously been subject to removal proceedings and been assessed for flight risk or danger, the government's interest in detaining [him] at least initially was significant." *Herrera Rivas*, 2026 WL 2807051, at *3. Further, the Court finds that Petitioner's prior removal weighs in favor of the government's interest in ensuring that individuals present in this country in violation of the immigration laws do not remain.

On balance, the Court concludes that the *Mathews* factors militate in favor of a finding that Petitioner is entitled to a bond hearing under Section 1226(a), and not immediate release. *See Okoth v. Kaiser*, 2026 WL 45199, at *2 (E.D. Cal. Jan. 7, 2026) (rejecting petitioner's claim that he was entitled to pre-detention hearing where

he had not been previously detained and released on bond); *Herrera Rivas*, 2026 WL 2807051, at *4 (same).[2]

IV. CONCLUSION

Thus, the Court grants in part and denies in part the Petition. The Court grants the Petition as to the due process claim and denies the remaining claims. Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days. At the bond hearing, the government shall bear the burden of establishing by clear and convincing evidence that Petitioner is a danger or a flight risk.

Respondents are ordered to file a status report substantiating compliance with this order within 14 days of the date of the Court's order.

**IT IS SO ORDERED.**

[2] Petitioner attaches a declaration from a former immigration judge to his Reply setting forth the declarant's position that immigration judges are no longer neutral adjudicators. General assertions of lack neutrality do not establish the futility of a bond hearing or that Petitioner is entitled to the relief he seeks.